UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 16-cr-0082 (WMW/LIB) |
| Plaintiff, | |
| v. | **ORDER ON PRETRIAL MOTIONS** |
| Adam Jonathan Martin, | |
| Defendant. | |

---

Currently before the Court are four motions in limine—three by Defendant Adam Jonathan Martin and one by Plaintiff United States of America—regarding evidence that may be proffered at trial. Also before the Court is Martin's motion for a continuance of his trial. The Court will address each motion in turn.

**I.   Evidence Speculating or Offering Opinions as to Mr. Martin's Intentions and/or Intent**

Martin's first motion in limine seeks "an Order prohibiting Government witnesses from offering testimony that speculates or offers opinions as to Mr. Martin's intentions and/or intent." (Dkt. 42.) The motion does not identify the testimony Martin seeks to exclude with any more specificity.

Federal Rule of Evidence 701 provides that lay witness testimony in the form of opinions is limited to those opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge

within the scope of Rule 702." Rule 704(a), Fed. R. Evid., provides that "[a]n opinion is not objectionable just because it embraces an ultimate issue." But in a criminal case, "an *expert* witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense," and that "[t]hose matters are for the trier of fact alone." Fed. R. Evid. 704(b) (emphasis added).

Although the motion does not identify the testimony Martin seeks to exclude with any more specificity, the government has indicated that it does not object to the motion. Accordingly, the motion is granted.

## II. Redaction of Comments from Non-testifying Witnesses Offering Opinions of Guilt or Commentary

Martin's second motion in limine seeks "an Order directing the Government to redact extraneous information from exhibits in particular but not exclusively comments from non-testifying witnesses, opinions of guilt or commentary." (Dkt. 43.) At oral argument, the parties clarified that the motion relates to a specific exhibit on which a witness had written comments challenging Martin's truthfulness, and that the government has already removed the comments from the exhibit. Martin seeks assurance from the Court that if the government introduces other exhibits with similar comments, the Court would not admit the exhibit without proper redaction. The Court granted this motion at oral argument.

**III. Federal Rule of Evidence 404(b)**

Martin's third motion in limine, and the government's sole motion in limine, pertain to evidence the government intends to introduce pursuant to Rule 404(b), Fed. R. Evid. Martin seeks "an Order directing the Government be prevented from offering any evidence to Fed.R.Evid. 404 B [sic]." (Dkt. 44.) The government seeks a ruling that the following evidence is admissible under Rule 404(b): "[Martin's] dealings with S.L. regarding the purchase of a cabin, including emails to S.L. and her realtor that contained screenshots of webpages that purported to show that Martin would be able to come up with the money to close on the cabin purchase." (Dkt. 47.)

Rule 404(b), Fed. R. Evid., provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). It also provides, however, that such evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Rule 404(b) "is a rule of inclusion, prohibiting only evidence that tends solely to prove the defendant's criminal disposition." *United States v. Ali*, 799 F.3d 1008, 1026 (8th Cir. 2015) (citation omitted). The evidence must be relevant to a material issue, clear and convincing, more probative than prejudicial, and similar in kind and close in time to the crime charged. *Id. United States v. O'Connell*, 841 F.2d 1408, 1422 (8th Cir. 1988).

The evidence at issue here is outlined in detail in the government's trial brief, which provides:

>On June 1, 2015, Martin sent S.L.'s realtor a screenshot of a webpage indicating that Martin was waiting for a $250,000 deposit into his bank account to clear. On June 2, 2015, Martin sent S.L. a screenshot of an E*Trade account that showed an account value of over $1.1 million when the true value of Martin's E*Trade account remained at only $500. On July 1, 2015, Martin sent S.L. a screenshot of a Wells Fargo account that showed a balance of over $500,000 when the true value of Martin's Wells Fargo account was only $2,500. Several days later, S.L. informed Martin that she would be canceling the purchase agreement if the closing did not go forward by July 16, 2015. In response, Martin sent a screenshot of an E*Trade account that showed an account value of over $750,000 with more than $435,000 available for withdrawal. At the time, the balance of Martin's E*Trade remained at only $500. Based on Martin's lulling efforts, S.L. gave Martin until August 11, 2015, to close on the purchase of the cabin.

(Dkt. 48.)

The government argues that this evidence is admissible for several permissible purposes under Rule 404(b). First, the government relies on Eleventh Circuit and Eighth Circuit case law for the proposition that "evidence of financial difficulties is admissible in fraud prosecutions to demonstrate knowledge, motive, intent, design, and absence of mistake." (Dkt. 48.) The government argues that evidence Martin was behind on his rent payments to S.L., that S.L. was threatening to cancel the purchase agreement, and that Martin used screenshots that falsely represented his ability to access sufficient funds to close on the cabin purchase "is highly relevant to Martin's knowledge and intent to defraud investors" as well as his "motive for committing fraud." The government argues that such evidence is more probative than prejudicial because it proves the magnitude of Martin's financial difficulties and his strong financial motivation to engage in fraud.

At oral argument, the government offered several additional arguments in support of admitting the evidence. First, the government argues that one of the challenged e-

4

mails—the screenshot that Martin sent to S.L. representing a pending deposit of $250,000—is relevant evidence of Martin's "intent to defraud" as alleged in Counts 9 and 10 ("Wire Fraud") of the Superseding Indictment. The government offers the e-mail to prove that Martin intended to use the money he obtained from G.B. and R.B. to purchase a cabin, not for a "bridge loan" as Martin stated. Second, the government argues that another e-mail that Martin sent to S.L.—a screenshot of a $1.1 million balance in an E*Trade account—is simply a copy of a screenshot from an e-mail he sent to someone else a year earlier, with an altered date. The government argues that Martin's ability "to alter the dates supports [the] allegation that he was also able to alter the amounts shown on those documents, both previously when he sent the original screenshot . . . and then when he sent it to [S.L.]"

Martin counters that the evidence is inadmissible because "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, and needless presentation of cumulative evidence." And if admitted, he argues, the evidence would be inadmissible propensity evidence. Martin also argues that the evidence regarding the property purchase fails to demonstrate his intent to defraud others.

The Court holds that the evidence is admissible because Martin's conduct during the cabin purchase is relevant evidence of Martin's motives and intent to defraud. *See O'Connell*, 841 F.2d at 1422. The evidence also is similar in kind and close in time to the crimes charged. *Id.* Both his alleged actions during the cabin purchase and the wire transfers at issue in Counts 9 and 10 of the Superseding Indictment were within months

5

of each other, during the spring and summer of 2015. Moreover, any potential for unfair prejudice can be mitigated by a limiting instruction given to the jury when the evidence is introduced. *See United States v. Ellis*, 817 F.3d 570, 580 (8th Cir. 2016) ("Any prejudicial effect of admitting the [Rule 404(b)] evidence was mitigated by the district court's limiting instruction to the jury that it could consider the evidence . . . to determine knowledge, motive, absence of mistake, accident or intent.") (internal quotation marks omitted); *United States v. Franklin*, 250 F.3d 653, 659 (8th Cir. 2001) ("[T]he presence of a limiting instruction diminishes the danger of any unfair prejudice arising from the admission of other acts.").

Martin's third motion in limine, (Dkt. 44), is denied, and the government's motion in limine, (Dkt. 47), is granted. The Court will instruct the jury that it can consider the evidence only for the purposes permitted under Rule 404(b). *See* Fed. R. Evid. 404(b); *Franklin*, 250 F.3d at 659.

## IV. Motion for Continuance

Finally, at the August 16, 2016 pretrial hearing—held only six days before trial is scheduled to begin—Martin moved for a one-month continuance to gather records and "potentially [conduct] some interviews" that he asserts would be important in his defense. Specifically, Martin seeks a continuance to attempt to acquire company credit card records of two former coworkers who may testify for the government at trial. The government opposes Martin's motion.

The Court has broad discretion when considering a request for a continuance. *United States v. Urben-Potratz*, 470 F.3d 740, 743 (8th Cir. 2006). As a general matter,

continuances are disfavored and should be granted only when the requesting party has shown a compelling reason. *Id.* A district court balances a number of considerations when determining whether to grant a continuance, including (1) the nature of the case and whether the parties have been allowed adequate time for trial preparation; (2) the diligence of the party requesting the continuance; (3) the conduct of the opposing party and whether a lack of cooperation has contributed to the need for a continuance; (4) the effect of the continuance and whether a delay will seriously disadvantage either party; and (5) the asserted need for the continuance, with weight to be given to sudden exigencies and unforeseen circumstances. *United States v. Kopelciw*, 815 F.2d 1235, 1238-39 (8th Cir. 1987); *United States v. Coronel-Quintana*, 752 F.2d 1284, 1287-88 (8th Cir. 1985). No single factor is dispositive. *United States v. Pruett*, 788 F.2d 1395, 1396 (8th Cir. 1986). A district court's decision to deny a motion for continuance is reversible error only if the court "abused its discretion and the moving party was prejudiced by the denial." *United States v. Hyles*, 479 F.3d 958, 967 (8th Cir. 2007) (citation omitted) (internal quotation marks omitted).

Although neither the government nor Martin have the records at issue, Martin argues that they will show that he was not the only employee who used a company credit card for personal purchases. The records could establish, he argues, that he "did not intentionally misuse credit cards," which would "take away from the suggestion that he was doing something that nobody else ever did." Martin also argues that the need to obtain the evidence did not arise earlier because the government's "recent disclosures over the last couple of weeks [caused] Mr. Martin to consider other information that

7

should be available." The government contends that Martin, who as the controller for the company was responsible for overseeing employee credit card use, has known for some time that these credit card statements exist, and Martin has known for more than a year (since the day the government executed a search warrant at his house) that the government believed he misused his company credit card.

Martin has not offered a compelling reason to grant a continuance at this late date. *See Urben-Potratz*, 470 F.3d at 743. First, Martin does not suggest that he requests a continuance because he has had inadequate time for trial preparation. Indeed, he could not do so. Although the government filed a felony information against Martin on April 4, 2016, Martin has known for more than one year that his use of his company credit card was relevant to the government's investigation of the case against him. *See Kopelciw*, 815 F.2d at 1238. Second, regarding the "diligence of the party requesting the continuance," the explanation of Martin's counsel that he and his client only recently determined they should seek these records does not provide a persuasive reason for the delay. *See United States v. Little*, 567 F.2d 346, 348 (8th Cir. 1977) (citation omitted). This is especially true in light of the government's argument that Martin's job as controller required him to oversee the other employees' credit card transactions, an argument Martin does not contest. Third, Martin does not allege that the government's conduct has in any way contributed to his need for a continuance. *See Kopelciw*, 815 F.2d at 1238. Fourth, although the government does not argue that it would be seriously disadvantaged by a delay, Martin has made no showing that his request for a continuance

stems from a "sudden exigenc[y]" or "unforeseen circumstance[]." *See id.* After balancing all of the relevant factors, the Court denies Martin's motion for a continuance.

Based on the foregoing analysis and all the files, records and proceedings herein,

**IT IS HEREBY ORDERED:**

    1.    Martin's first motion in limine, (Dkt. 42), is **GRANTED.**

    2.    Martin's second motion in limine, (Dkt. 43), is **GRANTED.**

    3.    Martin's third motion in limine, (Dkt. 44), is **DENIED.**

    4.    The government's motion in limine, (Dkt. 47), is **GRANTED.**

    5.    Martin's request for a continuance is **DENIED.**


Dated: August 18, 2016                    /s Wilhelmina M. Wright
                                                      Wilhelmina M. Wright
                                                        United States District Judge